### HARDEMAN et al. v. TIMMINS et al.
### No. 3575.

Court of Civil Appeals of Texas. El Paso.
Dec. 2, 1937.

Rehearing Denied Dec. 23, 1937.

Abney & Caven, of Marshall, for appellants.

Huffman & Huffman and Stanley Timmins, all of Marshall, for appellees.

WALTHALL, Justice.

Lyle V. Timmins, as plaintiff, brought this suit in trespass to try title against Sandy Hardeman and wife, Nellie Hardeman, Jessie Hardeman and wife, Julia Hardeman, as defendants, to recover 83 acres of land in Harrison county, Tex., fully described in the petition.

Defendants answered by general denial and plea of not guilty.

Mrs. Gertrude Bath, a feme sole, intervened in the suit and alleged that on December 1, 1933, she was the owner of the 83 acres of land in controversy; intervener specially pleaded a written contract of sale of said land entered into between herself and defendant Sandy Hardeman, on December 1, 1933, and made a part of her intervention plea; she pleaded the terms and provisions of said contract; alleged that defendant failed and refused to pay the taxes on the property as he had agreed to do; that he failed and refused to pay the installments of the consideration for the land as agreed and as they fell due, and pleaded a failure to perform the terms of the sale agreement incumbent upon him; that intervener had rescinded the contract and so notified defendant, as she had a right to do under the contract, and conveyed the land to plaintiff, stating the consideration, retaining a vendor's lien to secure the unpaid balance, and desires to protect her sale to plaintiff; that defendant has made no improvement on the land, and that she sues to recover title and possession.

Defendants answered the intervention by plea of not guilty and general denial. Defendant Sandy Hardeman further answered as to plaintiff and intervener to the effect: That prior to intervener's sale contract with plaintiff, defendant and intervener entered into a parol agreement, and later entered into a written agreement, by the terms of each intervener agreed to purchase at sheriff's sale the said 83 acres of land for the sole use and benefit of this defendant; that she did so purchase said property, taking the title in her name, but for the sole use and benefit of defendant; that at the time of said agreement the said premises were subject to a mineral lease, and that under said lease there was due and payable each year an annual delay rental of $83, and that it was special-

ly agreed that said rental was to be applied as a credit upon the payments due under the terms of sale contract; that on each of two occasions stated the $83 was paid as agreed, but intervener refused to so credit said payments, but appropriated same to her use and benefit; that defendant (as cross plaintiff) has been at all times, and at this time is, ready and willing to carry out the terms of the sale purchase contract; defendant pleaded estoppel as to intervener to deny the validity of the sale contract and to declare a forfeiture thereof; that intervener has ratified and affirmed said sale contract, and the conveyance to plaintiff was made subject to the terms of said purchase contract.

Defendant pleaded that the property involved had increased in value, stating the increase. Defendant offered to do equity and tendered into court an estimated amount, and defendant alleged that plaintiff was not a bona fide purchaser of the property, having purchased with full knowledge of the facts and defendant's rights. Defendant prays for specific performance of the sale contract; for cancellation of intervener's deed to plaintiff, for title and possession of the land, and for relief.

Intervener answered defendant's cross action by general and special denial, and prays that defendant take nothing.

Plaintiff adopts the pleadings of intervener.

The case was tried to the court without a jury. The court heard the evidence and entered judgment in favor of plaintiff and intervener.

The court, at the request of defendant Sandy Hardeman, made and filed findings of fact and conclusions of law.

Briefly stated, the court found, in substance and effect, the following: A creditor recovered a judgment against defendants Jessie Hardeman and wife with foreclosure of a mechanic's lien against the land involved here, with order of sale; the land was advertised for sale; defendant Sandy Hardeman, a son of Jessie Hardeman and wife, solicited Paul Bath, a son of intervener, to buy said property for him, Sandy Hardeman, at the foreclosure sale; that Paul Bath, who was representing his mother, intervener, made no agreement to buy the property at the foreclosure sale for Sandy Hardeman, but

that intervener did become the purchaser and received the sheriff's deed to the land; thereafter the sale contract between intervener and Sandy Hardeman was entered into in writing; the contract refers to intervener as vendor and Sandy Hardeman as vendee; the contract recites that the vendor is the owner of the land described, and agrees to sell and convey same to the vendee upon the terms stated for the sum of $740.27, and payable in partial payments as stated and at the times stated, with interest stated, and when the consideration and interest has been paid vendor will execute and deliver a deed to vendee. Vendee agrees to keep the improvements in good repair, pay all taxes promptly, and that on failure to pay any installment or interest, or to keep improvements in repair, or to pay the taxes promptly as same become due, the vendor has the right and option to end the contract and re-enter the premises, and in the event of a failure of vendee to perform the conditions of the contract all payments made to the vendor under the contract shall be deemed payments as rent for the use of the property. The findings state the disposition made of the delay rentals referred to for the several years which we deem unimportant and need not state, as such rentals were paid after intervener had become the owner of the land; defendant Sandy Hardeman remained in possession of the property after the sheriff's sale on November 7, 1933, and up to the trial of this case; the reasonable annual rental of the land is $60; no substantial improvement in excess of $10 has been made on the property; defendants have paid no rent; Sandy Hardeman has paid nothing to intervener on the contract for the sale to him of the land; neither intervener nor plaintiff has waived payment or the performance of any of the terms of the sale contract; the amount tendered into court by Sandy Hardeman and any credit due him is less than the purchase price for the land and the taxes paid by intervener. The court finds that intervener conveyed the land by deed to plaintiff on May 21, 1936, for $765.91, part in cash and part on time, with the provision that: "It is expressly agreed and understood that there is of this date a contract of sale given by Mrs. Gertrude Bath to Sandy Hardeman, of aforesaid state and county, and this deed is given subject to said contract of sale." The court found that the above-quoted provision was by agreement inserted solely to enable the grantor to avoid litigation; that some two months, and again about one month, before the sale, plaintiff and intervener demanded of Sandy Hardeman that he perform the terms of the sale contract to him; that Sandy Hardeman endeavored to do so but failed; the findings at length state efforts of plaintiff and intervener to adjust the matter which we need not state.

At the suggestion of defendant Sandy Hardeman the court made additional findings. We have reviewed them, and considered them. We have reviewed the evidence. Plaintiff's assignments of error and propositions relate to and are an attack upon the trial court's findings of fact, and are to the effect that the findings are contrary to and are not supported by the evidence. They are too general, but we have considered them. It would serve no useful purpose to review the evidence. It is sufficient to sustain the judgment entered.

The case is affirmed.